IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W. FAWLEY,

    Plaintiff,

v.                                                                                                                   No. 23-cv-479 KG/LF

ALISHA T. LUCERO,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on Plaintiff's filings made after this case was dismissed: (Docs. 30-33) (briefs filed July 1, 2024, July 18, 2024, and September 16, 2024); Motion for Order to Show Cause (Doc. 34), filed September 26, 2024; and Motion for Summary Judgment (Doc. 35), filed June 30, 2025.  Plaintiff is proceeding *pro se* and was incarcerated when he initiated this action.  Having reviewed the record and applicable law, the Court denies the motions.

BACKGROUND

       Plaintiff commenced this case in the Federal District Court for the Eastern District of Virginia by filing a Complaint of Breach of Plea Agreement by Government.  (Doc. 1) ("Complaint").  Plaintiff was convicted of murder in Virginia in 2006 and is serving his term of imprisonment in New Mexico.  *Id.*  In the Complaint, Plaintiff claimed, *inter alia*, that the New Mexico Corrections Department (NMCD) is unlawfully collecting funds from him pursuant to the New Mexico Crime Victims Reparations Act—an issue that he has previously litigated in this

Court and in the New Mexico state courts.[1]  The Eastern District of Virginia transferred the case to this Court on June 2, 2023.  (Doc. 7).

On August 21, 2023, Fawley filed two motions to amend his Complaint.  (Docs. 9 and 10).  The Court construed the First Motion to Amend as seeking leave to file an amended civil rights complaint and construed the Second Motion to Amend as seeking leave to refile the complaint as a petition seeking habeas relief under 28 U.S.C. § 2254.  *See* (Doc. 15) (Order Granting leave to File Amended Complaint and Denying Motion for Evidentiary Hearing).  The Court granted the motions to amend and set a thirty-day deadline by which Plaintiff was permitted to file an amended pleading.  *Id.*  To facilitate Plaintiff's ability to file a proper amendment, the Court provided a blank civil rights complaint that he could use to seek relief under 42 U.S.C. § 1983, and a blank habeas petition that he could use to seek relief under 28 U.S.C. § 2254.  *Id.*; *see also* staff note dated February 2, 2024.  The Court instructed Plaintiff that any amended pleading must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a litigant to provide a short and plain statement demonstrating he is entitled to relief.  *Id.*

Instead of filing an amended complaint or a habeas petition as directed, Plaintiff filed a motion requesting an evidentiary hearing (Doc. 16), a motion seeking an order directing the NMCD to allow "meaningful" right of court access in this case (Doc. 17), and a brief arguing that an extreme miscarriage of justice would result from this Court not hearing the merits of this

---

[1] *See, e.g., Fawley v. Clarke*, 2021 WL 4288510, at *2 (D.N.M.); *Fawley v. GEO Group., Inc.*, 543 F. App'x 743, 745 (10th Cir. 2013 ) (rejecting argument that the Defendant denied the Plaintiff "due process of law by taking deductions from his prison earnings for the New Mexico Victim's Fund"); *Fawley v. Jablonski*, 832 F. App'x 575 (10th Cir. 2021) (denying certificate of appealability where trial court dismissed same argument as an unauthorized successive habeas claim); *see also* (Doc. 1 at 2) (discussing state court litigation of the same).

case (Doc. 18).  By an Order of Dismissal entered April 10, 2024, the Court found that Plaintiff's filings do not comply with Fed. R. Civ. P. 8, nor do they assert a cognizable civil rights complaint under 42 U.S.C. § 1983 or a cognizable habeas petition.  (Doc. 24) at 3.  Accordingly, the Court dismissed this case without prejudice under Fed. R. Civ. P. 41(b).  *See id.* and (Doc. 25) (Final Judgment).  After this case was dismissed, Plaintiff filed four briefs and two motions. *See* (Docs. 30-33) (briefs filed July 1, 2024, July 18, 2024, and September 16, 2024); Motion for Order to Show Cause (Doc. 34), filed September 26, 2024; and Motion for Summary Judgment (Doc. 35), filed June 30, 2025, (collectively, "Post-Judgment Filings").  In his Post-Judgment Filings, Plaintiff restates the claims in his Complaint and asserts additional facts and claims regarding his conditions of confinement and challenging his conviction.

## DISCUSSION

Post-judgment filings that are submitted more than 28 days after entry of the Judgment are generally construed under Fed. R. Civ. P. 60(b).  *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (motions to reconsider filed within 28 days after the judgment are generally analyzed under Rule 59, and any later motions are analyzed under Rule 60).  To obtain relief under Rule 60(b), the movant typically must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; or (4) the judgment is void or has been otherwise satisfied.  *See* Fed. R. Civ. P. 60(b)(1)-(5).  Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief."  However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief."  *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).  Courts have considerable discretion in deciding whether to reconsider a ruling.  *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

To the extent Plaintiff seeks relief under Fed. R. Civ. P. 60, the Post-Judgment Filings do not establish grounds to reconsider the Court's Order of Dismissal.  Plaintiff does not allege mistake, newly discovered evidence, or fraud, and he does not demonstrate the Judgment is void or that the case should be reopened based on extraordinary circumstances.  Because Plaintiff fails to demonstrate grounds for relief under Rule 60(b), and because the Court dismissed this case without prejudice to refiling, the Court will deny the Post-Judgment Filings.  Plaintiff is reminded that because this case was dismissed without prejudice, he is at liberty to refile his claims in a new lawsuit.  To the extent necessary, the Court will also deny a certificate of appealability under Habeas Rule 11.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *United States v. Elliott*, 807 Fed. App'x 801, 802 (10th Cir. 2020) (district courts must grant or deny a COA in connection with post-judgment motions).

IT IS THEREFORE ORDERED that:

(1) Plaintiff's Post-Judgment Filings (Docs. 30-35) are DENIED; and

(2) a Certificate of Appealability is DENIED.

/s/_____
KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.